09-4361-cr (L)
USA v. Quinones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand eleven.

Present:
        JOHN M. WALKER, JR.,
        CHESTER J. STRAUB,[*]
        ROBERT A. KATZMANN,
               *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                        Nos.  09-4361-cr (L),
                                        10-0333-cr (con)

HERMAN QUINONES, ANTONIO QUINONES,

    *Defendants-Appellants*.

_____

For Appellee:                      STEPHEN J. MEYER, Assistant United States Attorney (Emily Berger, Laura Mantell, and Todd Kaminsky, *on the brief*), *for* Loretta E.

---

[*] Because Judge Straub concludes that a new trial is necessary, he does not join in today's Summary Order.

Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

For Defendant-Appellant Herman Quinones: PAUL MORRIS, Law Offices of Paul Morris, P.A., Miami, Fla.

For Defendant-Appellant Antonio Quinones: PAUL MORRIS, Law Offices of Paul Morris, P.A., Miami, Fla. (Stephen H. Rosen, Stephen H. Rosen, P.A., Coral Gables, Fla., *on the brief*)

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendants-Appellants Antonio and Herman Quinones appeal from judgments of the district court, entered on October 15 and November 23, 2009, following a jury trial, convicting Herman Quinones of distribution of controlled substances, and convicting Antonio Quinones of conspiracy to distribute and possess with intent to distribute controlled substances, distribution of controlled substances, and money laundering conspiracy. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Antonio Quinones argues that the district court erred in refusing to charge the jury on an advice of counsel defense and in prohibiting counsel from arguing the defense in summation.[**] Herman Quinones argues that the district court (1) improperly admitted testimony of a person who purchased drugs through an Internet website, (2) improperly denied the

---

[**] In an accompanying opinion, we address and reject (1) the defendants' contention that the district court's conscious avoidance jury charge was improper and thus warranted a new trial and (2) Antonio Quinones's argument that the government was required to prove that he laundered the profits, rather than merely the gross revenues, of a drug trafficking enterprise in order to prove that he was guilty of money laundering conspiracy.

defendants' motion to suppress evidence obtained by wiretaps, and (3) erroneously refused to grant immunity to a potential defense witness.

We begin with the district court's denial of the requested jury instruction on the advice of counsel defense. We have described the following advice-of-counsel instruction as "the most favorable to the defendant that may be given 'consistently with right'":

> [I]f a man honestly and in good faith seeks advice of a lawyer as to what he may lawfully do . . . , and fully and honestly lays all the facts before his counsel, and in good faith and honestly follows such advice, relying upon it and believing it to be correct, and only intends that his acts shall be lawful, he could not be convicted of crime [*sic*] which involves willful and lawful intent . . . .

*United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1194-95 (2d Cir. 1989) (first omission in original) (quoting *Williamson v. United States*, 207 U.S. 425, 453 (1908)) (internal quotation marks omitted). However, defendants are not entitled to such an instruction unless there are sufficient facts in the record to support the defense. *See United States v. Evangelista*, 122 F.3d 112, 117 (2d Cir. 1997); *see also United States v. Allen*, 127 F.3d 260, 265 (2d Cir. 1997). Having carefully reviewed the record, we conclude that the defendants have not shown the required factual predicate for an advice-of-counsel defense. The district court therefore did not err in declining to charge the jury on the defense.

As to the district court's refusal to permit defense counsel to argue an advice-of-counsel defense during the summation, "[a] district court has broad discretion in limiting the scope of summation, and [its] decision to limit the scope of summation will not be overturned absent an abuse of discretion." *See United States v. Bautista*, 252 F.3d 141, 145 (2d Cir. 2001) (per curiam) (citation omitted). There is no abuse of discretion in this regard "if the defendant cannot show prejudice." *Id.* Because there was no factual predicate for an advice-of-counsel defense in

3

the record, no prejudice could have arisen from the district court's precluding counsel from arguing the defense in summation.

The defendants next argue that the district court abused its discretion in refusing to immunize Dr. Alfred Valdivieso, a Puerto Rican doctor who had pleaded guilty in Puerto Rico to distributing controlled substances outside the usual course of medical practice. "Absent exceptional circumstances," the prosecution is not required to grant immunity to a defense witness who has invoked his Fifth Amendment right not to testify. *Blissett v. Lefevre*, 924 F.2d 434, 441 (2d Cir. 1991). We have identified

> a three-part test for requiring the government to grant defense witness immunity at the risk of dismissal of the indictment. First, the district court must find that the government has engaged in discriminatory use of immunity to gain a tactical advantage or, through its own overreaching, has forced the witness to invoke the fifth amendment. Second, the witness's testimony must be 'material, exculpatory, and not cumulative.' Third, the testimony must be unobtainable from any other source.

*United States v. Bahadar*, 954 F.2d 821, 826 (2d Cir. 1992). Here, the defendants have adduced no evidence that the government delayed Valdivieso's sentencing to preserve his Fifth Amendment rights or to gain an unfair tactical advantage. The district court therefore did not abuse its discretion in refusing to immunize Valdivieso.

We turn next to the defendants' contention that the district court abused its discretion in admitting Daniel Houck's testimony, which the defendants claim was prejudicial and irrelevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 provides that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice,

4

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  "We review the District Court's rulings on the admissibility of evidence for abuse of discretion, and we will overturn a trial judge's determination under Rule 403 only if we determine that the judge acted arbitrarily and irrationally."  *United States v. Bicaksiz*, 194 F.3d 390, 396 (2d Cir. 1999) (alteration and internal quotation marks omitted).  Upon our review of the record, we conclude that the government established, among other things, that Antonio Quinones supplied MainstreetRx.com with the doctors that approved Houck's orders, and owned and controlled the filling pharmacy from which Houck obtained his medication.  In these circumstances, the district court's admission of Houck's testimony was not an abuse of its discretion.

Finally, we consider the defendants' argument that the district court improperly denied their motion to suppress wiretap evidence because, they assert, the government failed to show in its wiretap applications that alternative investigative techniques were inadequate.

> In reviewing a ruling on a motion to suppress wiretap evidence, we accord deference to the district court because the role of an appeals court in reviewing the issuance of a wiretap order is not to make a *de novo* determination of sufficiency as if it were a district judge, but to decide if the facts set forth in the application were minimally adequate to support the determination that was made.

*United States v. Miller*, 116 F.3d 641, 663 (2d Cir. 1997) (alterations and internal quotation marks omitted).  In granting a wiretap application, the district court must determine that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed or be too dangerous."  18 U.S.C. § 2518(3)(c).  "[T]he Government is not required to exhaust all conceivable investigative techniques before resorting to electronic surveillance.  The statute only requires that the agents inform the authorizing judicial officer of the nature and

5

progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Concepcion*, 579 F.3d 214, 218 (2d Cir. 2009) (alteration and internal quotation marks omitted). The affidavits accompanying the government's wiretap applications provided an ample basis to conclude that traditional investigative techniques, including the use of cooperating witnesses, were unlikely to be successful. Thus, the district court did not err in summarily denying the defendants' motion to suppress evidence obtained pursuant to wiretaps.

We have considered the defendants' remaining arguments and find them to be without merit. For the reasons stated herein and in the accompanying opinion, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK